IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Grady William Powers, | ) C/A No. 2:15-cv-04473-HMH-MGB |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Linda Thomas, *Warden FCI Edgefield*, | ) |
| | ) |
| Respondent. | ) |
| | ) |

Petitioner, Grady William Powers ("Petitioner"), is a federal prisoner in Federal Correctional Institution Edgefield ("FCI Edgefield") in Edgefield, South Carolina. Petitioner, proceeding *pro se*, filed this petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241, asserting that he is "being denied proper medical care and . . . medicine." (Dkt. No. 1 at 1 of 8.) This matter is before the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (D.S.C.) for initial screening.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of this petition pursuant to the Rules Governing Section 2254 Cases in the United States District Courts,[1] the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, and other habeas corpus statutes. *Pro se* petitions are held to a less stringent standard than those drafted by attorneys; *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978); and a federal court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94

---

[1] The Rules Governing Section 2254 Cases are applicable to habeas actions brought under § 2241. *See* Rule 1(b).

1

(2007). When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975). Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390-91 (4th Cir. 1990). Such is the case here.

## FACTUAL AND PROCEDURAL BACKGROUND

Petitioner asserts herein that he is "being denied proper medical care by the failure to allow [him] to take the medicine prescribed by a specialist for [his] lungs and stomach." (Dkt. No. 1 at 5 of 8.) Petitioner alleges that he "suffer[s] needlessly because medical either takes the proscribed [sic] medicine, or simply tell[s him] to buy generic medicine at the commissary." (*Id.*) According to Petitioner, "[t]hese actions are violative of the 8th Amendment and constitute cruel and unusual punishment." (*Id.*) Petitioner further alleges (verbatim),

> As the attach[ments] prove, I have been seen by a specialist in the free world who prescribes specific medicine only to have it taken when I return from the medical trip. I am given "generic" medicine or told that I must purchase it at the commissary. By Statute, I am entitled to medical care sufficient to ease my cronic [sic] suffering, however, it seems respondent is more concerned with "cost" rather than following the mandate of the Statute and the District Court Judges assurance to my that my medical needs would be attended.

(*Id.* at 8 of 8.) In the "Relief" section of his petition, Petitioner states that he seeks the following relief:

> Order respondent to provide the real medicine prescribed by a real doctor instead of the "generic" medicine they give here. Further, order respondent to provide all medicine necessary to care for my serious medical needs inter alia, lungs and stomach issues that are cronic [sic] and have been memorialized in the medical records for more than 20 years.

2

(*Id*.)

## DISCUSSION

An inmate may bring a petition for writ of habeas corpus under § 2241 where he alleges he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2241(a)(3). As stated in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser*, 411 U.S. at 484.

In the case *sub judice*, however, Petitioner does not seek release from custody; Petitioner seeks an Order requiring Respondent to provide him with "the real medicine prescribed by a real doctor" and as well as "all medicine necessary to care for [his] serious medical needs." (Dkt. No. 1 at 8 of 8.) As noted in *Crooker v. Stewart*, Civ. A. No. ELH-14-1972, 2015 WL 1210209 (D. Md. Mar. 13, 2015),

> [T]he Fourth Circuit has said that where a petitioner does not assert entitlement to release, the claim is properly treated as a suit under 42 U.S.C. § 1983, or in the case of a federal inmate, a *Bivens* claim, under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which is the federal equivalent of § 1983. In the recent case of *Braddy v. Wilson*, 580 Fed. Appx. 172 (4th Cir. 2014), for example, the Fourth Circuit dismissed a habeas petition alleging a condition of confinement claim as improperly brought under § 2241. *See also Lee v. Winston*, 717 F.2d 888, 891-92 (4th Cir. 1983) (suit seeking to enjoin state officials from forcing defendant to undergo medical procedure was properly brought under civil rights statutes and not cognizable as a habeas petition); *Strader v. Troy*, 571 F.2d 1263, 1269 (4th Cir. 1978) (holding petitioner's claim which did not relate to release from parole must be treated as suit under § 1983 not as a petition for habeas relief).

*Crooker*, 2015 WL 1210209, at *3.

Because Petitioner attempts to assert an Eighth Amendment claim regarding alleged inadequate medical care, and does not allege that he is entitled to release, a petition pursuant to 28 U.S.C. § 2241 is not the proper vehicle for the instant claim. *See Lee v. Winston*, 717 F.2d 888; *see also Lawrence v. Drew*, Civ. A. No. 2:10-2287-JMC-RSC, 2010 WL 8731904 (D.S.C. Nov. 23, 2010), adopted at 2012 WL 2178623 (June 14, 2012); *Meeks v. Mitchell*, Civ. A. No. 6:10-1346-RMG-KFM, 2010 WL 4340442, at *3 (D.S.C. Aug. 30, 2010), adopted at 2010 WL 4320505 (Oct. 26, 2010), *aff'd* 430 Fed. App'x 219 (4th Cir. 2011). The undersigned therefore recommends dismissing the instant petition without prejudice.

## RECOMMENDATION

Based on the foregoing, it is recommended that the instant § 2241 Petition be dismissed without prejudice and without requiring Respondent to file a return. Petitioner's attention is directed to the important notice on the next page.

MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 1, 2016
Charleston, South Carolina

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk of Court
> United States District Court
> Post Office Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).