IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Grady William Powers, ) | |
| ) | C.A. No. 2:15-4473-HMH-MGB |
| Petitioner, ) | |
| ) | **OPINION & ORDER** |
| vs. ) | |
| ) | |
| Linda Thomas, Warden FCI Edgefield, ) | |
| ) | |
| Respondent. ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Mary Gordon Baker, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Grady William Powers ("Powers"), a federal prisoner proceeding pro se, filed a petition seeking habeas corpus relief pursuant to 28 U.S.C. § 2241. Magistrate Judge Baker recommends dismissing the petition without prejudice and without requiring the Respondent to file a return, because Powers' "petition pursuant to § 2241 is not the proper vehicle for the instant claim." (Report & Recommendation 4, ECF No. 10.)

Powers filed objections to the Report and Recommendation on March 28, 2016.[2] Objections to the Report and Recommendation must be specific. Failure to file specific

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

[2] Houston v. Lack, 487 U.S. 266 (1988).

1

objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Upon review, the court finds that many of Powers' objections are non-specific, unrelated to the dispositive portions of the magistrate judge's Report and Recommendation, or merely restate his claims. However, the court was able to glean one specific objection. Powers objects that the magistrate judge's report is unauthorized, because he "did not consent to a magistrate interfering with his civil case." (Objections 1, ECF No. 16.)

Powers argues the magistrate judge did not have the authority to issue a Report and Recommendation because his consent is required pursuant to 28 U.S.C. § 636(c). (Id. at 4, ECF No. 16.) In Samuel v. Ozmint, No. 3:07-CV-178-PMD, 2008 WL 512736, at *3-4 (D.S.C. Feb. 25, 2008) (unpublished), the court rejected this same objection under 28 U.S.C. § 636(c)(1), holding that the petitioner's consent in a § 2241 petition was not required for the magistrate judge's involvement. Id. at 3. 28 U.S.C. § 636(c)(1) only "requires the parties' consent for a Magistrate Judge to conduct proceedings in a non-jury or jury civil matter and order the entry of judgment in a case." Id. at 4. In contrast, 28 U.S.C. § 636(b)(1)(B) applies in this case, which permits a judge to

> designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for disposition, by a judge of the court, of any motion excepted in [28 U.S.C. § 636(b)(1)(A)], of applications for posttrial relief made by

2

individuals convicted of criminal offenses and of prisoner petitions challenging conditions of confinement.

Since the petition Powers filed clearly falls within the purview of § 636(b)(1)(B), his consent was not necessary and, contrary to his objection, the magistrate judge possessed the authority to issue her Report and Recommendation. Samuel, 2008 WL 512736, at *4; see also Rice v. Lamanna, 451 F. Supp. 2d 755, 759 (D.S.C. 2006), aff'd, No. 06-7011, 2006 WL 2527747, at *1 (4th Cir. Sept. 1, 2006) (unpublished).

Based on the foregoing, Powers' objection is without merit, and the court adopts the magistrate judge's Report and Recommendation and incorporates it herein.

It is therefore

**ORDERED** that Powers' § 2241 petition, docket number 1, is dismissed without prejudice and without requiring the Respondent to file a return.

**IT IS SO ORDERED**.

                                                    s/Henry M. Herlong, Jr.
                                                    Senior United States District Judge

Greenville, South Carolina
March 31, 2016

### NOTICE OF RIGHT TO APPEAL

The Petitioner is hereby notified that he has the right to appeal this order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.